_____

| UNITED STATES DISTRICT COURT | |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | **JS-6** |
| **CIVIL MINUTES – GENERAL** | |

| | |
|---|---|
| Case No. 8:24-cv-02378-FWS-JDE | Date: January 31, 2025 |
| Title: Coree Renee Del Giorgio et al v. Donald Day, *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PETITIONER'S MOTION TO REMAND [28]**

## I.   Introduction and Background Summary

Over two years ago, on December 22, 2022, Petitioner Coree Renee Del Giorgio, as an individual and as the administrator of the Estate of Mark Ellis Warmoth ("Petitioner"), filed this case—which relates to the Estate of Mark Ellis Warmoth ("Warmoth")—against Respondents Donald Day ("Day"); Renae Saltz; James Homburger ("Homburger"); Warrior of Idaho, LLC ("WOI"); Extreme Warrior RVs of Idaho, LLC ("Extreme Warrior"); Extreme RV, LLC; Omega RV, LLC; and unnamed Does (collectively, "Respondents") in Riverside County Superior Court.  (Dkt. 1-1 ("Petition" or "Pet.").)  The Riverside County Superior Court classifies this case as a "Subsequent Petition for Conveyance for Transfer of Property Claimed to Belong to Decedent or Other Person ([California] Pr[obate ]C[ode] 850)."  (*See, e.g.*, Dkts. 1-5 and 1-9 (Minutes from March 21, 2023, Riverside County Superior Court Hearing); Dkt. 1-8 (Minutes from April 18, 2023, Riverside County Superior Court Hearing); Dkt. 1-11 (Minutes from June 8, 2023, Riverside County Superior Court Hearing); Dkt. 1-16 (Minutes from August 31, 2023, Riverside County Superior Court Hearing); Dkt. 1-18 (Minutes from December 19, 2023, Riverside County Superior Court Hearing); Dkt. 1-19 (Minutes from April 4, 2024, Riverside County Superior Court Hearing); Dkt. 1-20 (Minutes from April 11, 2024, Riverside County Superior Court Hearing).)  The Riverside County Superior Court docket shows that the Riverside County Superior Court has been deeply invested in this case, holding nearly a dozen

___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-02378-FWS-JDE | Date: January 31, 2025 |
| Title: Coree Renee Del Giorgio et al v. Donald Day, *et al.* | |

___

hearings and ruling on multiple motions, including denying Respondents' Motion to Dismiss, or Alternatively Stay Action, Under California Code of Civil Procedure. (*See generally* Dkts. 1-39, 1-40; *see* Dkts. 1-22, 1-23 (Minutes of August 15, 2024, Riverside County Superior Court Hearing where court denied Motion to Dismiss, or Alternatively Stay Action, Under California Code of Civil Procedure); *see also, e.g.*, Dkt. 1-7 (Respondents' June 8, 2023, Response and Objection to Petition); Dkts. 1-14, 1-15, 1-18, 1-19, 1-20 (parties' early 2024 briefing on Petitioner's Motion for Disqualification of Respondents' counsel).) Most recently, on October 25, 2024, Petitioner filed a Motion to Amend Petition in the Riverside County Superior Court. (Dkts. 1-36; 1-40.)

On October 31, 2024, Extreme Warrior removed the case to this court, asserting that this case has been removable on the basis of diversity jurisdiction since it was filed, and that Extreme Warrior has never been served. (Dkt. 1 ("Notice of Removal" or "NOR"); *see* Dkts. 5-8, 9-11 (Notices of Consent to Removal from Other Respondents).) Now before the court is Petitioner's Motion to Remand. (Dkt. 28 ("Motion" or "Mot.").) Extreme Warrior opposes the Motion. (Dkt. 34 ("Opposition" or "Opp.").) Petitioner filed a reply in support of the Motion. (Dkt. 41 ("Reply").) With the court's leave, Extreme Warrior filed a surreply in support of the Opposition. (Dkt. 46 ("Surreply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for February 6, 2025, (*see* Dkt. 51), is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

**II.    Legal Standard**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

___

___

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02378-FWS-JDE | Date: January 31, 2025 |
| Title: Coree Renee Del Giorgio et al v. Donald Day, *et al.* | |

___

375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have originally been filed in federal court. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). In this case, Extreme Warrior contends the court has diversity jurisdiction. (*See generally* NOR; Opp.)

"Jurisdiction founded on 28 U.S.C. § 1332," or diversity jurisdiction," requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The "complete diversity" requirement means that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). The citizenship of a partnership, limited liability company, or other unincorporated association, is determined by the citizenship of each of the partners, including limited partners, or members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899. The citizenship of a corporation is determined from both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). And the citizenship of a natural person is determined by their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"[T]he burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02378-FWS-JDE | Date: January 31, 2025 |
| Title: Coree Renee Del Giorgio et al v. Donald Day, *et al.* | |

___

limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Accordingly, "[t]he removal statute is strictly construed against removal jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). "Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. Discussion

As noted, "in a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). Here, the court concludes that Extreme Warrior has failed to meet its burden to show by a preponderance of the evidence that the court has diversity jurisdiction over this case.

Petitioner is a California citizen. (*See* Pet. ¶ 4.) For diversity jurisdiction to exist, then, no Respondent may be a California citizen. *See Owen Equip.*, 437 U.S. at 373. However, Petitioner has presented evidence that WOI has a California member. (*See* Mot. at 3 (collecting evidence); Reply at 6-7 (same).) For example, Petitioner presents an Annual Report Form dated April 7, 2007, signed by Day, listing WOI's three members as Day (an Idaho citizen), Homburger (an Idaho citizen), and Warmoth (the decedent central to the probate matter, a

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02378-FWS-JDE                                      Date: January 31, 2025

Title: Coree Renee Del Giorgio et al v. Donald Day, *et al.*

___

California citizen). (Dkt. 29-20.)[1]  As another example, Petitioner presents WOI tax returns prepared around September 7, 2021 (only a little over a year before this case was filed), in which Warrior Estates, LLC (a California citizen) is listed as the third partner or member. (Dkt. 29-12 at 40 (listing Day, Homburger, and Warrior Estates, LLC as partners, with Warrior Estates, LLC's California address); *id.* at 58 (reflecting date of preparation).)[2]  In Opposition, Extreme Warrior argues that "Extreme has shown by the preponderance of the evidence that the two members of WOI at the time of the filing of the Complaint (December 20, 2022), and/or the NOR (October 31, 2024) were Day and Homburger" because in 2020, "shortly before his death, Warmoth's 33.33% interest in WOI was bought out by Homburger and Day pursuant to a written buy-sell agreement," and "Warmoth filed bankruptcy in 2013 transmuting any membership interest in WOI into that of a transferee." (Opp. at 6-9.)  In Reply, Petitioner argues that "[t]he validity of the Sale of Limited Liability Company Interest Agreement is disputed in the subject Petition, and cannot prove by a preponderance of the evidence that [WOI] had only two members after its execution"; and Extreme Warrior "provides no legal support for its position that Mark Warmoth's death created a dissociation, or that any membership interest that Warmoth held in WOI was converted to that of a mere transferee." (Reply at 5-10.)

The court finds the membership of WOI at the time the Petition was filed and at the time of the Notice of Removal "is in dispute." *Dragani v. Genesse Valley Invs.*, 2011 WL 2491066, at *4 (D.N.J. June 6, 2011), *report and recommendation adopted*, 2011 WL 2472770 (D.N.J. June 20, 2011).  Indeed, as Petitioner notes, the "validity of the Sale of Limited Liability Company Interest Agreement" that Extreme Warrior references "is disputed in the subject Petition," (Reply at 6), such that it is possible that WOI's membership is "one of the ultimate issues to be determined in the pending state court [probate] case." *Id.*  However, "[t]he Court

___

[1] Extreme Warrior's evidentiary objections to the statements in the Declaration of Jamie Frenzel related to this Annual Report Form are **OVERRULED.** (*See* Dkt. 38 at 2.)

[2] Extreme Warrior's evidentiary objections to the statements in the Declaration of Jamie Frenzel related to these tax returns are **OVERRULED.** (*See* Dkt. 38 at 2.)

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02378-FWS-JDE  Date: January 31, 2025
Title: Coree Renee Del Giorgio et al v. Donald Day, *et al.*

___

cannot and need not determine definitively whether [Warmoth's estate or Warrior Estates, LLC] is a member of [WOI]" because "[Petitioner] has credibly asserted" that WOI had a California member at the relevant times "and submitted proof in support thereof." *Id.* Although Extreme Warrior "takes a sharply divergent position," the court finds Extreme Warrior has not carried its burden to show by a preponderance of the evidence that WOI had no California members at the relevant times. *Id.* "Ultimately, the issue may require a full trial involving an assessment of the credibility of the parties, to be determined by the [probate] court." *Id.*

"To the extent there is any uncertainty as to the citizenship of an LLC," the issue must be decided in favor of remand. *Id.*; *see Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Here, "[b]ecause it is unclear whether [WOI] is a [California] citizen, [Extreme Warrior] ha[s] failed to carry their burden of showing complete diversity between the parties in this case." *Beasley Forest Prods., Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1373 (S.D. Ga. 2021). Accordingly, the court finds Extreme Warrior "ha[s] not overcome the 'strong presumption' against federal jurisdiction and ha[s] not met their burden of proving that removal was proper." *Clapick v. First Nat. Bank of Arizona*, 2012 WL 2357364, at *1 (D. Ariz. June 20, 2012). The Motion is therefore **GRANTED.**[3]

___

[3] The court further notes that "[t]his case stems from and is part of a pending [probate proceeding]" that has been actively and heavily litigated for over two years. *Dragani*, 2011 WL 2491066, at *4. Indeed, the court observes that the parties both make arguments regarding the one-year bar in 28 U.S.C. § 1446(c)(1) and whether the bad faith exception applies. (*See generally* Mot.; Opp.; Reply.) That "one-year deadline serves 'as a means of reducing the opportunity for removal after substantial progress has been made in state court.'" *Zamudio v. FMC Corp.*, 2019 WL 181871, at *2 (C.D. Cal. Jan. 11, 2019) (quoting H.R. Rep. No. 100-889, at 72 (1988)). "This 'curtailment in access to diversity jurisdiction' is necessary to avoid 'substantial delay and disruption' in state court proceedings." *Id.* In other words, "Section 1446 expresses Congress's 'opinion that a diversity case which has been before a state court for more than one year should stay there.'" *Id.* (quoting *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1470 (C.D. Cal. 1989)). "[T]he factual and procedural scenario presented underscores the reason this case should be remanded." *Dragani*, 2011 WL 2491066, at *4.

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02378-FWS-JDE  Date: January 31, 2025

Title: Coree Renee Del Giorgio et al v. Donald Day, *et al.*

___

Finally, Petitioner asks the court to award $28,035 in attorney fees under 28 U.S.C. § 1447(c). (Reply at 10.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). After reviewing the parties' arguments and the evidence presented, the court exercises its discretion to decline awarding fees here. Accordingly, the court **DENIES** Petitioner's request for attorney fees.

**IV.  Disposition**

For the reasons stated above, the court **GRANTS** the Motion to Remand and **REMANDS** this action to Riverside County Superior Court as case number PRMC2000914.

___